Dear Mr. Labat:
You have requested an opinion of the Attorney General regarding the membership of the Board of Commissioners (Board) of the Houma Housing Authority (Authority). You specifically ask whether the Board should be comprised of five or, in the alternative, seven members pursuant to the Louisiana Housing Authorities Law (Law). You have submitted the following factual scenario for our consideration.
The Authority was created on January 11, 1966 pursuant to a resolution adopted by the Houma City Council (Council). The requisite number of Commissioners is determined by the population contained within the area of operation of the Authority (i.e., the City of Houma)(City). From 1966 through 1984, the Mayor of the City appointed the Authority's five Commissioners, which constitute the maximum authorized by the Law. In 1984, the governmental functions of the City and Terrebonne Parish (Parish) were consolidated into a "President-Council" form of government under which the Parish President serves as Chief Executive Officer. Accordingly, since 1984, the Parish President has appointed these five (5) Commissioners.
The issue presented in your request arose as a result of the consolidation of governmental functions. Thus, does the consolidation impact the population of the City and/or Parish, thereby resulting in an increase in membership of the Board under the Law?
The Law is found at R.S. 40:381 et seq. It was amended by Act No. 1188 of the 1997 Regular Session of the Louisiana Legislature. Prior to its amendment, Section 401 provided, in pertinent part, with respect to the appointment of Commissioners as follows:
"§ 401. Appointment of city or parish commissioners; approval by governor in certain cases; terms
 A. Upon receiving notice the city council has adopted a resolution declaring the need for an authority in the city, or upon the governing body of a parish adopting a resolution declaring such a need in the parish, the mayor of the city or the governing body of the parish, respectively, shall appoint five (5) persons as the commissioners of the authority in the city or parish. . . .
 B. In municipalities with populations of four hundred seventy-five thousand or more, the governing authority of the housing authority shall consist of seven (7) commissioners. . . . The commissioners shall be appointed by the mayor of the municipality. . . .
 C. (1). In parishes with populations of more than four hundred thousand but less than five hundred thousand. . . . The governing authority of the housing authority shall consist of nine (9) members.
 * * * E. (1). In a parish not subject to the provisions of the preceding Subsections and having a population of less than three hundred fifty thousand, the governing authority of the housing authority shall consist of five (5) members. . . .
 * * * F. (1). Notwithstanding the provisions of Subsection A of this Section, in municipalities with populations of more than ninety thousand but less than one hundred fifty thousand, the governing authority of the housing authority shall consist of seven (7) commissioners. The commissioners shall be appointed by the mayor of the municipality."
Act 1188 amended the Law with respect to the appointment of commissioners which is now found at R.S. 40:531. It provides, in pertinent part, the following:
 "§ 531. Appointment of commissioners to local housing authority, vacancy, removal
 A. When the governing body of any municipality or parish, as the case may be, has determined, by resolution as set forth in R.S. 40:393, that it is expedient to establish a local housing authority, the chief elected official of the municipality or parish, or if no such official exist, than the governing body itself shall appoint five persons who shall constitute the governing body of local housing authority and shall be called commissioners.
 B. In municipalities with populations of four hundred seventy-five thousand or more, the governing authority of the housing authority shall consist of seven commissioners, at least two of whom shall be tenants of the housing authority. . . .
 C. In parishes with populations of more than four hundred thousand but less than five hundred thousand and not having boundaries coterminous with a single city, the governing authority of the housing authority shall consist of nine commissioners. . . ."
Applying the facts to the Law cited hereinabove, it is clear that the Authority was created for the City, not the Parish. The fact that the governing authorities of the City and Parish were consolidated into a "President-Council" form of government does not unilaterally operate to change the complexion of the Authority and/or the geographical area it serves. To the contrary, the Home Rule Charter approved by the voters of the City and Parish expressly provides the following:
 "B. The City of Houma shall continue to exist as a legal entity and shall render certain municipal services as provided under this charter and participate in federal and state grants, shared revenues and shared taxes peculiar to municipal governments."
The most recent census reveals that the City has a population of thirty thousand four hundred ninety-five (30,495). The population of the Parish has been set at ninety-six thousand nine hundred eighty-two (96,982). Applying these figures to the provisions contained in Sections 401 and 531, quoted supra, we find no legal justification for increasing the membership of the Board from five to seven members.
Accordingly, it is the opinion of this office that the maximum number of Commissioners that can be appointed to the Board of the Houma Housing Authority is five. The fact that the City and the Parish are operated under the auspices of the Terrebonne Parish Consolidated Government does not alter our opinion.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III/dra